IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**BRENT CLARK,**

      **Plaintiff,**

  **v.**                                                         **CIVIL NO. 1:24-CV-17**
                                                                       **(KLEEH)**

**DOCTOR VIBEKE DANKWA and
PATRICIA CORBIN,**

      **Defendants.**

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION [ECF NO. 39] AND GRANTING MOTION TO DISMISS [ECF NO. 18]**

Pending before the Court is a Report and Recommendation ("R&R") recommending that the Court grant Defendants' motion to dismiss. For the reasons discussed below, the R&R is **ADOPTED**, and the motion to dismiss is **GRANTED**.

**I.  PROCEDURAL HISTORY**

On November 28, 2023, pro se Plaintiff Brent Clark ("Plaintiff") filed a Complaint in the Circuit Court of Monongalia County, West Virginia, against the Defendants, Dr. Vibeke Dankwa and Physician Assistant Patricia Corbin ("Defendants"). On February 12, 2024, Defendants removed the action to this Court. The following day, the Court referred the case to the Magistrate Judge for review. On March 27, 2024, Defendants filed a motion to dismiss, which is fully briefed and ripe for review. On October

Case 1:24-cv-00017-TSK-MJA   Document 47   Filed 02/20/25   Page 2 of 9 PageID #: 261

CLARK V. DANKWA                                                    1:24-CV-17

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION [ECF NO. 39] AND GRANTING MOTION TO DISMISS [ECF NO. 18]**

25, 2024, the Magistrate Judge entered an R&R, recommending that the motion be granted.

On November 12 and 15, 2024, Plaintiff filed objections to the R&R. When reviewing a magistrate judge's R&R, the Court must review de novo only the portions to which an objection has been timely made. 28 U.S.C. § 636(b)(1)(C). Otherwise, "the Court may adopt, without explanation, any of the magistrate judge's recommendations" to which there are no objections. Dellarcirprete v. Gutierrez, 479 F. Supp. 2d 600, 603-04 (N.D.W. Va. 2007) (citing Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983)). Courts will uphold portions of a recommendation to which no objection has been made unless they are clearly erroneous. See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005). Out of an abundance of caution, the Court will conduct a de novo review of the R&R.

## II.  BACKGROUND

Plaintiff alleges that on December 17, 2018, while he was incarcerated at FCI Morgantown, he suffered a head injury and a "partially paralyzed arm" when he fell in his cell. He was treated by a triage nurse. Plaintiff alleges that he fell a second time and submitted two requests for medical care, both of which went unanswered. Defendants are two medical professionals who were employed by FCI Morgantown. Plaintiff alleges that they failed to

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION [ECF NO. 39] AND GRANTING MOTION TO DISMISS [ECF NO. 18]**

examine or provide follow-up care for his injuries. Specifically, Plaintiff brings claims of (1) medical negligence, (2) "loss of chance," (3) patient abandonment, (4) negligent infliction of emotional distress, and (5) negligent supervision. Plaintiff has filed four other federal actions,[1] all of which, as Defendants assert, arise out of the same set of facts. All of the actions (aside from this one) have been dismissed, and some of the dismissals have been affirmed by the United States Court of Appeals for the Fourth Circuit.

For example, on February 19, 2021, in Civil Case No. 5:21-CV-27, Plaintiff filed suit against the Unites States, alleging that Defendants "failed to provide any medically necessary standard of care, medical treatment, follow-up care and supervision of subordinates whatsoever, 12/18/2018 thru [sic] 2/26/2019, for the plaintiff's head injuries that occurred 12/17/2018 and 12/19/2018 while housing in the Special Housing Unit at FCI Morgantown." Clark v. United States, No. 5:21-CV-27 (N.D.W. Va.), ECF No. 1, at 6. On November 28, 2022, the court granted summary judgment and dismissed the claims with prejudice, finding that Plaintiff failed to produce a credible expert opinion

---

[1] See Civil Case Nos. 3:20-CV-223, 5:21-CV-27, 3:23-CV-08, 5:23-CV-09 (all in the Northern District of West Virginia). Some of the actions were originally filed in state court and removed to federal court.

Case 1:24-cv-00017-TSK-MJA   Document 47   Filed 02/20/25   Page 4 of 9   PageID #: 263

**CLARK V. DANKWA**                                                    1:24-CV-17

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION [ECF NO. 39] AND GRANTING MOTION TO DISMISS [ECF NO. 18]**

to substantiate his claims. Id. at ECF No. 168. The court also sanctioned Plaintiff for "misrepresenting to the Court his own conduct and his retained expert's conduct regarding preparation and transmission of the Supplemental Report." Id. The Fourth Circuit affirmed the judgment on appeal. Id. at ECF No. 186. Notably, later, in Civil Case No. 5:23-CV-09, the Fourth Circuit found that the case (5:23-CV-09) was "resolved on the merits when the district court entered summary judgment against Clark" in Civil Action No. 5:21-CV-27. Clark v. Dankwa, No. 23-1300, 2023 WL 7040318, at *1 (4th Cir. Oct. 26, 2023) (unpublished).

In December 2022, in Civil Case No. 5:23-CV-09, Plaintiff filed suit against the United States, alleging that Dr. Dankwa, who was employed by the Bureau of Prisons, provided inadequate medical care in violation of the Eighth Amendment while he was an inmate at FCI Morgantown. Clark v. Dankwa, Civil Action No. 5:23-CV-09 (N.D.W Va.), ECF No. 1. The court, again, dismissed Plaintiff's claims, finding that (1) a Bivens type remedy was unavailable in that context and (2) "[e]ven if [that] type of claim were still valid, Mr. Clark's claims against Dr. Dankwa [were] clearly barred by the applicable statute of limitations, which in West Virginia is two years." Id. at ECF No. 5. The Fourth Circuit affirmed the judgment, finding that the FTCA's judgment bar applied. Id. at ECF No. 13. The Fourth Circuit further held that

Case 1:24-cv-00017-TSK-MJA   Document 47   Filed 02/20/25   Page 5 of 9   PageID #: 264

CLARK V. DANKWA                                                      1:24-CV-17

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION [ECF NO. 39] AND GRANTING MOTION TO DISMISS [ECF NO. 18]**

"any future claims arising out of those facts — whether brought under state or federal law — were barred." Id.

### III. DISCUSSION

For the reasons discussed here, the Court has subject matter jurisdiction. The Court finds that the case should be dismissed because the FTCA judgment bar applies, the statute of limitations has expired, and the action is barred by the doctrine of *res judicata*.

**A.   The Court has subject matter jurisdiction.**

Plaintiff argues repeatedly throughout his pleadings that the Court lacks subject matter jurisdiction. Defendants have shown that Defendant Dankwa received a copy of the summons and complaint on January 29, 2024, and Defendant Corbin received a copy on February 2, 2024. Defendants contend that service was improper. Nonetheless, the Court finds that the notice of removal was timely filed on February 12, 2024. Additionally, under 28 U.S.C. § 1346(b)(1), federal district courts have exclusive jurisdiction of tort claims against employees of the United States who were acting within the scope of their employment. Accordingly, the Court has subject matter jurisdiction in this case.

**B.   Plaintiff's claims are barred by the FTCA judgment bar.**

"The judgment in an action under [the FTCA] shall constitute a complete bar to any action by the claimant, by reason of the

Case 1:24-cv-00017-TSK-MJA   Document 47   Filed 02/20/25   Page 6 of 9 PageID #: 265

**CLARK V. DANKWA**                                                1:24-CV-17

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION [ECF NO. 39] AND GRANTING MOTION TO DISMISS [ECF NO. 18]**

same subject matter, against the employee of the government whose act or omission gave rise to the claim." 28 U.S.C. § 2676. Plaintiff's previous FTCA claim against the United States in Civil Action No. 5:21-CV-27 was decided on the merits when the district court entered summary judgment in favor of the defendant. As discussed above, the Fourth Circuit has expressly held that "any future claims arising out of those facts — whether brought under state or federal law — were barred." Clark, 2023 WL 7040318, at *1. Here, Plaintiff brings the same allegations, involving the same subject matter, against the same defendants. Accordingly, Plaintiff's claims are barred by the FTCA judgment bar, and the motion to dismiss is granted on this basis.

**C.   In the alternative, Plaintiff's claims are barred by the two-year statute of limitations for a medical negligence cause of action under West Virginia law.**

Pursuant to the FTCA, a plaintiff can recover exclusive money damages for negligent acts or omissions of federal government employees acting within the scope of their employment. See 28 U.S.C. § 2679. The FTCA serves as a limited waiver of sovereign immunity. See Medina v. United States, 259 F.3d 220, 223 (4th Cir. 2001). It allows the United States to be sued and held liable in tort "in the same respect as a private person under the law of the place where the act occurred." Id.

Case 1:24-cv-00017-TSK-MJA   Document 47   Filed 02/20/25   Page 7 of 9  PageID #: 266

**CLARK V. DANKWA**                                                                1:24-CV-17
**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION [ECF NO. 39] AND GRANTING MOTION TO DISMISS [ECF NO. 18]**

Here, the alleged negligent acts occurred in West Virginia, so the substantive law of West Virginia applies. In West Virginia, a medical negligence cause of action must be filed within two years of the date of an injury or "within two years of the date when such person discovers, or with the exercise of reasonable diligence, should have discovered such medical injury." See Sager v. Duvert, 895 S.E.2d 76, 78 (W. Va. 2023) (quoting W. Va. Code § 55-7B-4). At the earliest, the statute of limitations began to run when Plaintiff fell and suffered a head injury, which was on December 17, 2018. At the latest, the statute of limitations began to run when Plaintiff was transferred to FCI Elkton, removing him from the District and out of Defendants' medical care, which was on February 26, 2019. Therefore, at the latest, Plaintiff's claims expired in February 2021. Because Plaintiff filed this case on November 28, 2023, his claims exceeded the two-year statute of limitations for a medical negligence claim. Accordingly, the motion to dismiss is additionally granted for this reason.

### D. In addition, Plaintiff's claims are barred by the doctrine of res judicata.

Under the doctrine of *res judicata,* a case may be dismissed when the moving party shows the following: "(1) a final judgment on the merits in a prior suit; (2) an identity of the cause of action in both the earlier and the later suit; and (3) an identity

Case 1:24-cv-00017-TSK-MJA   Document 47   Filed 02/20/25   Page 8 of 9 PageID #: 267

**CLARK V. DANKWA**                                                    1:24-CV-17

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION [ECF NO. 39] AND GRANTING MOTION TO DISMISS [ECF NO. 18]**

of parties or their privies in the two suits." Clodfelter v. Republic of Sudan, 720 F.3d 199, 210 (4th Cir. 2013). As to the first factor, the judgment in Civil Action No. 5:21-CV-27 constituted a final judgment — the Fourth Circuit indicated as much. Therefore, the first element is satisfied.

As to the second factor, the claims in Civil Action No. 5:21-CV-27 and the claims in this case arise from the same transaction, which is the allegation that Plaintiff received deficient medical treatment while incarcerated at FCI Morgantown. Therefore, the second element of *res judicata* is satisfied. Finally, as to the third factor, the parties in Civil Action No. 5:21-CV-27 are the same parties in the present case. In a FTCA action, "the United States is the only proper defendant." See Iodice v. United States, 289 F.3d 270, 273 n.1 (4th Cir. 2002). As Defendants rightfully point out, even if Defendants here were proper party-defendants, Defendants are in privity with the United States as employees of the Bureau of Prisons because they are "so identified in interest with a party to former litigation that [they] represent[] precisely the same legal right in respect to the subject matter involved." Martin v. Am. Bancorporation Ret. Plan, 407 F.3d 643, 651 (4th Cir. 2005). Therefore, the third element of *res judicata* is satisfied. The motion to dismiss is additionally granted because the doctrine of *res adjudicata* applies.

Case 1:24-cv-00017-TSK-MJA   Document 47   Filed 02/20/25   Page 9 of 9 PageID #: 268

**CLARK V. DANKWA**                                                                                      **1:24-CV-17**

**MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION [ECF NO. 39] AND GRANTING MOTION TO DISMISS [ECF NO. 18]**

### IV. CONCLUSION

For the foregoing reasons, the R&R is **ADOPTED** [ECF No. 39], and the motion to dismiss is **GRANTED** [ECF No. 18]. This action is **DISMISSED WITH PREJUDICE** and **STRICKEN** from the Court's active docket.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Memorandum Opinion and Order to counsel of record by email and to the pro se Plaintiff by certified mail, return receipt requested.

DATED: February 20, 2025

*Tom S Kleeh*
THOMAS S. KLEEH, CHIEF JUDGE
NORTHERN DISTRICT OF WEST VIRGINIA